ROGERS *v.* TEMPLETON COAL COMPANY ET AL.

[No. 15.803. Filed January 19, 1937.]

*Norval K. Harris* and *Charles H. Bedwell,* for appellant.

*Hays & Hays, Stanley Stohr, Alonzo C. Owens, John S. Taylor,* and *J. Olias Vanier,* for appellees.

DUDINE, J.—This is an appeal from an award of the Industrial Board. Appellee Dorothy Rogers filed her application for adjustment of compensation, as a dependent child of one Walter Rogers, who died as the

result of an accidental injury arising out of and in the course of his employment by appellee Templeton Coal Company. Upon her own motion appellant Ida Rogers, widowed mother of said decedent, was made a party to the proceeding, and was permitted to file her application for compensation as a dependent parent. A hearing having been had before a member of the Industrial Board, the full Industrial Board, upon review, found among other facts, that appellee Dorothy Rogers was totally dependent upon decedent for her support, and that appellant was partially dependent upon him for support. The Industrial Board granted an award of compensation to appellee Dorothy Rogers, but ordered that appellant take nothing by her application.

Appellant perfected this appeal, assigning as her sole error that the award is contrary to law.

There is in effect but one question presented, and that is the question whether or not the evidence sustains the finding that appellant was partially (not wholly) dependent upon decedent for support, and whether the evidence sustains the award that appellant take nothing by her application.

Section 38 of the Workmen's Compensation Act (§40-1403 Burns 1933) provides that a partial dependent shall not receive compensation in cases where there are total dependents. The evidence shows that decedent lived in the home of appellant on a sixteen-acre tract, that she kept a cow and some chickens, that decedent did not pay board but furnished the groceries and "paid the expenses," that they sold the eggs which they did not use.

We hold that said evidence sustains the finding that appellant was partially (not wholly) dependent upon decedent for her support.

No reversible error having been shown, the award is affirmed.